United States District Court
Southern District of Texas
**ENTERED**
February 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JESUS MARTINEZ VILLELA | § |
| | § |
| VS. | § CIVIL ACTION NO. 5:24-cv-55 |
| | § CRIMINAL ACTION NO. 5:21-cr-951-1 |
| UNITED STATES OF AMERICA | § |

# ORDER

Before the Court is Petitioner's 28 U.S.C. § 2255 motion for postconviction relief (Civ. Dkt. No. 1). Petitioner's counsel, Mr. Adrian Chapa, responded to the motion, and the Government filed a motion to dismiss (Civ. Dkt. Nos. 11, 12) Petitioner responded to the Government's motion (Civ. Dkt. No. 13). Pursuant to the Court's order, Mr. Chapa then filed a supplemental response (Civ. Dkt. Nos. 14, 15). Upon review of Petitioner's motion and Mr. Chapa's responses, the record conclusively demonstrates that Petitioner is not entitled to relief, and Petitioner's motion (Civ. Dkt. No. 1) is **DENIED**.

## I.   BACKGROUND

On February 2, 2022, the Court sentenced Petitioner to 120 months' imprisonment after he pleaded guilty, without a plea agreement, to eighteen counts of 8 U.S.C. § 1324 violations (Crim. Dkt. No. 66 at 1–4, Crim. Min. Ents. Oct. 21, 2021, Feb. 2, 2022). Petitioner was held accountable for transporting thirteen undocumented noncitizens in a pickup truck (Crim. Dkt. No. 62 at 6). One undocumented noncitizen whom Petitioner transported in the truck's open cargo bed died during the vehicle's flight from authorities (Crim. Dkt. No. 62 at 6, 15). Petitioner denied being the driver in the offense and claimed to have been a passenger (Crim.

Dkt. No. 80 at 34:3–9; *see also* Civ. Dkt. No. 1 at 4). However, two of the undocumented noncitizens, who were detained as material witnesses, identified Petitioner as the driver in a photo array (Crim. Dkt. No. 62 at 12–15).

Prior to pleading guilty, Petitioner moved to dismiss the indictment, arguing that the Government violated his constitutional rights when it deported material witnesses with favorable testimony (Crim. Dkt. No. 47 at 2, 4). The Court held a hearing and denied the motion (Crim. Min. Ent. Oct. 15, 2021). After sentencing, Petitioner appealed, arguing the Court should have granted his motion to dismiss the indictment. *See United States v. Martinez-Villela*, No. 22-40086, 2023 WL 2733457, at *1 (5th Cir. Mar. 31, 2023). On March 31, 2023, the Fifth Circuit denied his appeal because the Court's denial of his motion to dismiss the indictment was a non-jurisdictional issue waived by his unconditional guilty plea. *Id.*

On March 11, 2024, Petitioner timely filed the pending § 2255 motion (Civ. Dkt. No. 1). *See* 28 U.S.C. § 2255(f). In the motion, Petitioner maintained that his trial counsel rendered ineffective assistance of counsel ("IAC") and his guilty plea was involuntary, unknowing, and unintelligent (Civ. Dkt. No. 1 at 4–5). The Court reviewed the motion and ordered the Government and Petitioner's trial counsel, Adrian Chapa, III, to respond (Civ. Dkt. No. 5). Mr. Chapa filed his response, and later filed a supplemental advisory pursuant to a Court order (Civ. Dkt. Nos. 12, 14, 15). The Government filed a motion to dismiss, to which Petitioner responded (Civ. Dkt. Nos. 11, 13). The matter is now ripe for the Court's consideration.

## II.    LEGAL STANDARDS

Defendants enjoy a constitutional right to the effective assistance of counsel "at all 'critical' stages" of criminal proceedings. *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (citations omitted). To prove this right has been infringed, "a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defendant." *United States v. Tighe*, 91 F.4th 771, 774 (5th Cir. 2024) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

However, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Massey*, 79 F.4th 396, 400 (5th Cir. 2023) (internal quotation marks omitted) (quoting *Strickland*, 466 U.S. at 689). To overcome this presumption, a defendant's IAC claim must show a "reasonable probability" that the outcome of the challenged proceeding would have been different but for the deficient representation. *United States v. Lagos*, 25 F.4th 329, 334–35 (5th Cir. 2022) (quoting *Strickland*, 466 U.S. at 693). "[A] movant alleging ineffective assistance of counsel where there was a guilty plea 'must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error' and 'would have insisted upon going to trial.'" *Ruiz-Gayton v. United States*, No. 3:16-CR-00130-N-3, 2022 WL 16540681, at *3 (N.D. Tex. Sept. 16, 2022) (first citing *Armstead v. Scott*, 37 F.3d 202, 206, 210 (5th Cir. 1994); and then citing *Young v. Spinner*, 873 F.3d 282, 285 (5th Cir. 2017)), *report and recommendation adopted*, No. 3:20-CV-446-N-BT, 2022 WL 16540080 (N.D. Tex. Oct. 28, 2022).

## III.   DISCUSSION

Although Petitioner raises a kaleidoscopic array of claims, none of them present a debatable legal issue, and his motion must be dismissed. Because the record conclusively demonstrates that he is not entitled to relief, the Court will not hold a hearing on the motion. *See United States v. Gurrusquieta*, 252 F.3d 435, 435 (5th Cir. 2001) (per curiam) (citing *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)). The Court analyzes each of Petitioner's claims in turn.

**1. Ineffective Assistance of Counsel**

   A. <u>Right to Appeal Motion to Dismiss Indictment</u>

Petitioner first claims that Mr. Chapa rendered ineffective assistance of counsel by advising him that pleading guilty would preserve his right to appeal the denial of his motion to dismiss the indictment (Civ. Dkt. No. 1 at 16). He avers he would not have pleaded guilty if he knew his plea precluded him from appealing the denial (Civ. Dkt. No. 1 at 16).

Because Mr. Chapa's first response to this argument was vague, the Court ordered him to file a clarifying advisory (*see* Civ. Dkt. Nos. 12 at 5; 14 at 2). Mr. Chapa filed the advisory, stating in clear terms that he "did not advise [Petitioner] that by pleading guilty, he would retain the right to appeal the denial of the motion to dismiss the indictment" (Civ. Dkt. No. 15 at 1). He "informed [Petitioner] that an unconditional guilty plea typically waives non jurisdictional issues, such as pretrial motions, including the motion to dismiss the indictment" (Civ. Dkt. No. 15 at 1).

Petitioner has not presented any evidence other than his own conclusory and self-serving statements that Mr. Chapa provided erroneous advice about his

4

appellate rights. Mr. Chapa has practiced extensively before the Court and is a credible attorney, lending strength to his sworn statements in the affidavit. *See United States v. Arledge*, 597 F. App'x 757, 759 (5th Cir. 2015) (the court may consider affiant's general credibility when denying § 2255 motion without a hearing). On the other hand, Petitioner failed to sign his motion in the location that specified the motion was made under penalty of perjury—even after the Government moved to dismiss for lack of signature (*see* Civ. Dkt. Nos. 11 at 1; 13-1 at 12).[1] Petitioner's unsworn statements are hardly enough to overcome the strong presumption that Mr. Chapa's conduct was proper. *See Massey*, 79 F.4th at 400. Per Mr. Chapa's advisory, he gave Petitioner accurate advice about his rights—or lack thereof—to appeal the denial of the motion to dismiss the indictment. Therefore, Petitioner's first claim is denied.

### B. Failure to Investigate and/or Interview Material Witnesses

Petitioner claims that Mr. Chapa rendered ineffective assistance of counsel by failing to interview witnesses with favorable testimony before they were deported (Civ. Dkt. No. 1 at 13). He asserts that these witnesses would have testified he was not the driver of the truck that transported them (Civ. Dkt. No. 1 at 4). He further argues that Mr. Chapa's failure to locate the witnesses deported to Mexico "cost the los[s] of witness testimony that [he] was not the driver" (Civ. Dkt. No. 1 at 14).

Mr. Chapa, on the other hand, responds that he visited the four material witnesses in this case on two occasions (Civ. Dkt. No. 12 at 5–6). The other eight

---

[1] Petitioner provided a signature in another portion of the motion, but there was no reference to the contents of the motion being true under penalty of perjury in that location (Civ. Dkt. No. 13-1 at 18).

5

undocumented noncitizens were released and returned to their home country before he could request an interview (Civ. Dkt. No. 12 at 6). Although Petitioner complains that Mr. Chapa failed to locate them after their release, the I-213 Records of Deportable/Inadmissible Aliens did not list an address (Civ. Dkt. Nos. 12 at 6; 12-1 at 2–9). Therefore, Mr. Chapa avers, it would have been "virtually impossible" to find them with the information available to him (Civ. Dkt. No. 12 at 6). Mr. Chapa listened to the audio recordings of the released individuals and that was the basis for his motion to dismiss the indictment (Civ. Dkt. No. 12 at 6).

On these facts, Petitioner's contention that his attorney failed to adequately investigate the deported witnesses is meritless. "In assessing the reasonableness of counsel's investigation, a heavy measure of deference is applied to counsel's judgments and is weighed along with the defendant's own statements and actions." *Bell v. Lumpkin*, No. A-23-CV-556-RP, 2023 WL 7312502, at *8 (W.D. Tex. Nov. 6, 2023) (citing *Strickland*, 466 U.S. at 691). Mr. Chapa's investigation was reasonable under the circumstances and is not grounds to vacate Petitioner's conviction.

### C. Failure to Move to Withdraw Guilty Plea

Petitioner next argues Mr. Chapa rendered ineffective assistance of counsel by not moving to withdraw his guilty plea when Petitioner asked him to do so before sentencing (Civ. Dkt. No. 1 at 13). He claims that Mr. Chapa told him he "was not going to be wasting the Judge[']s time]," and that Petitioner should not mention it during sentencing because he would receive more time in prison (Civ. Dkt. No. 1 at 13–14).

Mr. Chapa resolutely denies Petitioner's characterization of their discussions. He states that he visited Petitioner four times before his rearraignment and twice prior to sentencing (Civ. Dkt. No. 12 at 6–7). Petitioner never requested that Mr. Chapa move to withdraw the guilty plea (Civ. Dkt. No. 12 at 7). Mr. Chapa stresses that he would have filed the motion if Petitioner had asked (Civ. Dkt. No. 12 at 6).

Mr. Chapa's detailed, sworn recollection of these events deserves greater weight than Petitioner's conclusory allegations. Further, there is no reason to believe that Petitioner's motion would have succeeded even if a motion to withdraw the guilty plea had been filed. Courts in the Fifth Circuit use the seven factors enumerated in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984), to determine whether a defendant may withdraw their plea, analyzing whether or not:

(1) The defendant has asserted his innocence;
  - Here, Petitioner has not asserted innocence, but rather merely claims he was a passenger instead of a driver (Civ. Dkt. No. 1 at 4). As the Court discussed during his plea colloquy, whether he was a driver or a passenger in the truck that transported the undocumented noncitizens would not affect his guilt, but rather was a potential mitigating fact at sentencing (Crim. Dkt. No. 80 at 34:4–37:8). At sentencing, Mr. Chapa stated that he had explained to Petitioner that he was "clearly as responsible as the driver" (Crim. Dkt. No. 81 at 7). So, this factor would have weighed against Petitioner withdrawing his plea.

(2) The government would suffer prejudice if the withdrawal motion were granted;
  - Here, the Court ordered the release of the undocumented noncitizens immediately after Petitioner pleaded guilty (Crim. Dkt. No. 57). Sentencing did not take place until over three months later (*see* Crim. Min. Ent. Feb. 2, 2022). Therefore, the Government would have been seriously prejudiced if the motion had been granted because its key witnesses had been

deported. *See United States v. Villanueva*, 275 F. App'x 325, 326 (5th Cir. 2008) (affirming the district court's denial of a defendant's request to withdraw their guilty plea, where the district court had noted that prejudice arose from the release of material witnesses). This factor would have weighed against Petitioner.

(3) The defendant delayed in filing his withdrawal motion;
- As stated above, over three months passed between Petitioner's guilty plea and his sentencing (*see* Crim. Min. Ents. Oct. 21, 2021, Feb. 2, 2022). This is a substantial delay that would have weighed against allowing Petitioner to withdraw his plea, especially if he had moved to withdraw it at sentencing. *See Carr*, 740 F.2d at 345 (finding that motion to withdraw guilty plea was not promptly filed where defendant waited twenty-two days to file the motion, "only three days before sentencing"); *see also United States v. Grant*, 117 F.3d 788, 790 (5th Cir. 1997) (three-month delay weighed against allowing defendant to withdraw plea at the eleventh hour).

(4) The withdrawal would substantially inconvenience the court;
- Petitioner's "withdrawal of his guilty plea on the day of sentencing, without prior notice to the district court or the Government of his intent to withdraw the plea, would have substantially inconvenienced the district court and wasted judicial resources." *United States v. Gonzalez*, No. 99-40089, 1999 WL 1067910, at *1 (5th Cir. 1999) (citing *Grant*, 117 F.3d at 790). Prior to Petitioner's plea, the Court blocked off a week for his trial (Crim. Dkt. No. 80 at 8:20–25). Rescheduling the trial would have disrupted the Court's calendar and "the rights of other accused persons awaiting trial, whose cases may [have lost] . . . their position on the calendar." *Carr*, 740 F.2d at 345 (citation omitted). Thus, this factor would have weighed against Petitioner.

(5) Close assistance of counsel was available;
- Petitioner received close assistance here, as confirmed by Mr. Chapa's response brief (Civ. Dkt. No. 12). *See United States v. Ramos*, No. CR 2:21-771-1, 2024 WL 345503, at *5 (S.D. Tex. Jan. 30, 2024) (considering

counsel's affidavit for this factor). Further, Petitioner confirmed at his plea colloquy that he had the opportunity to confer with Mr. Chapa about his case, the evidence, and possible defenses (Crim. Dkt. No. 80 at 13:3–6). He affirmed that he was satisfied with Mr. Chapa's assistance (Crim. Dkt. No. 80 at 13:7–9). *See United States v. Berglund*, 576 F. Supp. 3d 428, 442 (N.D. Tex. Dec. 17, 2021) (defendant's plea colloquy, in which he testified to being satisfied with counsel's performance, weighed against a finding of lack of close assistance of counsel). Therefore, this factor would have weighed against Petitioner.

(6) The original plea was knowing and voluntary; and

- o The plea colloquy supports a finding that Petitioner's plea was knowing and voluntary. *See United States v. Rivera*, No. CR 2:20-942-3, 2023 WL 2695116, at *5 (S.D. Tex. Mar. 29, 2023) (considering the movant's sworn testimony at rearraignment), *certificate of appealability denied*, No. 23-40204, 2023 WL 6476550 (5th Cir. Sept. 1, 2023). Petitioner affirmed that no one had threatened or coerced him into pleading guilty and that he understood the charges against him, the rights he was waiving by pleading guilty, and the consequences of pleading guilty (Crim. Dkt. No. 80 at 21:4–26:3). *See United States v. Gracia*, 983 F.2d 625, 627–28 (5th Cir. 1993) (citation omitted) ("When considering challenges to guilty plea proceedings, we have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea."). Therefore, this factor would have weighed against permitting Petitioner to withdraw his guilty plea.

(7) The withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

- o As discussed under the fourth factor, withdrawal would have wasted judicial resources. Thus, this factor would have weighed against Petitioner withdrawing his plea.

9

In summary, every *Carr* factor would have weighed against allowing Petitioner to withdraw his plea. Consequently, though the Court does not find that Petitioner ever asked Mr. Chapa to move to withdraw his plea, even assuming he did, there was no prejudice to Petitioner. That means Mr. Chapa did not render ineffective assistance of counsel. *See Tighe*, 91 F.4th at 774 (citing *Strickland*, 466 U.S. at 687–88) (a successful IAC claim requires a showing of prejudice).

### D. Failure to Move to Suppress Evidence

Petitioner then argues that Mr. Chapa's representation fell below an objectively reasonable standard of conduct because he did not move to suppress: (1) statements obtained in violation of his *Miranda* rights; (2) the search of Petitioner's cell phone; and (3) the identification of Petitioner as the driver (Civ. Dkt. No. 1 at 13).

Mr. Chapa responds as follows:

(1) Petitioner signed a *Miranda* waiver in Spanish, so he saw no basis to move to suppress on *Miranda* grounds (Civ. Dkt. Nos. 12 at 7, 12-1 at 10);[2]

(2) Petitioner signed a waiver in Spanish consenting to the search of his cell phone, so he saw no basis to move to suppress the search (Civ. Dkt. Nos. 12 at 7, 12-1 at 11).

(3) Petitioner did not contest playing a role in the § 1324 conspiracy, and his argument that he was a passenger instead of the driver had no bearing on his guilt for the offense (Civ. Dkt. No. 12 at 7–8). So, there was no need to suppress his identity as the driver (Civ. Dkt. No. 12 at 7).[3]

---

[2] The presentence report in Petitioner's case noted that he is literate in Spanish and unable to communicate in English (Crim. Dkt. No. 62 at 22).

[3] Even so, the Court is perplexed as to which of his constitutional rights Petitioner claims were implicated through his "identity as the driver." A proponent of motion to suppress generally bears the

10

Again, Petitioner's arguments are meritless. His assertions about the various suppression motions Mr. Chapa did not file must be disposed of under the proposition that "[c]ounsel is not required by the Sixth Amendment to file meritless motions." *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *see also Ruiz-Gayton*, 2022 WL 16540681, at *5 (recommending denial of IAC claim where Deft could not "point to any contemporaneous evidence that demonstrates he would have insisted on going to trial if his trial attorney had filed a motion to suppress").

### E. Failure to Stop Sentencing Procedures to Conduct Investigation

Next, Petitioner claims that Mr. Chapa was ineffective because he did not stop the sentencing procedures to investigate a video recording from a 7-Eleven store which he alleged would have shown he was not the driver (Civ. Dkt. No. 1 at 13).

Mr. Chapa responds that Petitioner wanted Mr. Chapa to investigate 7-Eleven surveillance footage after he received fingerprint analysis showing Petitioner's fingerprints on a plastic bag on the passenger side of the vehicle used to transport the undocumented noncitizens (Civ. Dkt. No. 12 at 7–8). However, Petitioner was unable to identify which 7-Eleven store he visited (Civ. Dkt. No. 12 at 8). Mr. Chapa contacted 7-Eleven stores along the I-35 corridor between Austin and Laredo and was advised that 7-Eleven stores only retain footage for about 30–90 days (Civ. Dkt. No. 12 at 8). The offense occurred on April 22, 2021, and Petitioner submitted his fingerprints for analysis on August 30, 2021, and September 2, 2021 (Civ. Dkt. No.

---

"burden of proving, by a preponderance of the evidence, that the evidence in question was obtained in violation of [their] constitutional rights." *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001) (citation omitted); *United States v. Conlan*, 786 F.3d 380, 387 (5th Cir. 2015) (shifting the burden in certain circumstances). On its face, Petitioner's identity does not invoke the Constitution.

11

12 at 8; Crim. Dkt. No. 62 at 5). Thus, Mr. Chapa did not know which store Petitioner had visited, and any video footage had already been deleted (Civ. Dkt. No. 12 at 8–9).

Mr. Chapa's sworn representations demonstrate that he made reasonable investigative efforts in Petitioner's case. Further, "[c]laims of a failure to investigate are typically waived by a voluntary and knowing plea." *Strother v. United States*, No. 4:17-CR-79(1), 2024 WL 3927240, at *6 n.6 (E.D. Tex. Aug. 22, 2024) (citing *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *Glinsey*, 209 F.3d at 392. Mr. Chapa's alleged failure to investigate the 7-Eleven stores for video footage *after* Petitioner pleaded guilty could not possibly have impacted his plea. Further, even if video showing that Petitioner was the passenger had turned up, it would have had no impact on his guilt for the § 1324 offense. Therefore, Petitioner's claim that this conduct constitutes ineffective assistance of counsel holds no water. Given that there is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance," Petitioner's conclusory allegations will not suffice. *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871, 879 (5th Cir. 1989)).

**2. Challenge to Guilty Plea**

Lastly, Petitioner challenges Mr. Chapa's representation because he allegedly told Petitioner that his factual statements and acceptance of responsibility would be entered under an "*Alford* cold plea" (Civ. Dkt. No. 1 at 5, 13). With this, Petitioner conflates two distinct guilty plea concepts.

An *Alford* plea involves a formal admission of guilt while the defendant maintains his factual innocence. *See United States v. Flores-Vasquez*, 641 F.3d 667, 671 n.3 (5th Cir. 2011) (citing *North Carolina v. Alford*, 400 U.S. 25, 37 (1970)). A cold plea, on the other hand, is a colloquial term for a guilty plea entered without a formal agreement with the Government. *See, e.g.*, *United States v. Virgen-Chavarin*, 350 F.3d 1122, 1126 n.2 (10th Cir. 2003) (citation omitted). Petitioner contends that because Mr. Chapa told him that he was entering an *Alford* plea, he should be entitled to show his innocence, as there was no factual basis he was the driver (Civ. Dkt. No. 1 at 5).

Mr. Chapa rebuffs these claims by stating that he did not advise Petitioner he was entering an *Alford* plea (Civ. Dkt. No. 12 at 9). He avers that he never discussed an *Alford* plea with the Government or the Court (Civ. Dkt. No. 12 at 9). Further, at rearraignment, the Court did not advise Petitioner he was entering an *Alford* plea, nor did anyone discuss an *Alford* plea (Civ. Dkt. No. 12 at 9; *see generally* Crim. Dkt. No. 80). Rather, Mr. Chapa indicated Petitioner was pleading "cold"—without a plea agreement with the Government (Crim. Dkt. No. 80 at 8:15–19, 10:21–24).

The record entirely belies Petitioner's contention that he intended to enter an *Alford* plea. Petitioner signed a statement that he "accept[ed] full responsibility for knowingly conspiring to transport and move and attempt to transport and move within the United States . . . an undocumented alien . . . resulting in death, in violation of Title 8, USC 1324(a)(1)(A)(ii) and (v)(I) and (B)(iv)" (Civ. Dkt. No. 12-1 at 12). The record and Mr. Chapa's sworn, detailed statements outweigh Petitioner's bald allegations, so this claim also fails.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. No. 1) is **DENIED**. Accordingly, the Government's motion to dismiss the § 2255 motion (Civ. Dkt. No. 11) is **DENIED AS MOOT**. Because reasonable jurists would not find the Court's § 2255 rulings debatable, a certificate of appealability is also **DENIED**. *See Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003) (citation omitted); *Wallace v. Mississippi*, 43 F.4th 482, 493 (5th Cir. 2022) (holding district courts can *sua sponte* deny a certificate of appealability) (citations omitted). The Clerk of Court is **DIRECTED** to **CLOSE** this civil action. The Court will enter final judgment under separate cover.

It is so **ORDERED**.

**SIGNED** February 18, 2025.

*[signature]*
Marina Garcia Marmolejo
United States District Judge